IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE GAZZERRO-LANGFORD | : | CIVIL ACTION |
| v. | : | |
| ERIC K. SHINSEKI, | : | |
| SECRETARY OF VETERANS AFFAIRS | : | NO. 12-2059 |

MEMORANDUM

McLaughlin, J.                                                          January 8, 2013

        The plaintiff, Rose Gazzerro-Langford, an employee of the U.S. Department of Veterans Affairs ("Department"), brings this employment discrimination suit, alleging that various employment actions taken by the Department constitute discrimination on the basis of her disability. The defendant, Secretary of Veterans Affairs Eric Shinseki ("Secretary"), moves to dismiss the complaint, arguing that the plaintiff failed to exhaust her administrative remedies prior to instituting this suit.[1]

        The Court will grant the Secretary's motion and dismiss the plaintiff's claims without prejudice.

I.   <u>Scope of Court's Analysis</u>

        In reviewing the Secretary's motion to dismiss, the Court considers the complaint and exhibits submitted by both

---

[1] Such a motion is properly analyzed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See <u>Anjelino v. N.Y. Times Co.</u>, 200 F.3d 73, 87-88 (3d Cir. 2000).

parties along with their briefing in support of and in opposition to that motion.  The Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the non-moving party, while disregarding any legal conclusions.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  The submitted exhibits are documents from administrative proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC") and the Department, which the Court may consider on a motion to dismiss federal claims of employment discrimination.  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260-61 (3d Cir. 2006) (reviewing two EEOC intake questionnaires and the plaintiff's formal EEOC charge in evaluating the defendant's motion to dismiss); see also Ruddy v. U.S. Postal Serv., 455 F. App'x 279, 283 & n.5 (3d Cir. 2011) (noting that the district court, in considering the defendant's motion to dismiss for, among other things, failure to exhaust administrative relief, "properly relied on [the plaintiff's] EEOC file, which [the plaintiff] referenced in his complaint and which is integral to his claim").

II.  Analysis

Gazzerro-Langford filed her complaint in the instant action on April 18, 2012.  The complaint asserts three claims under the Americans with Disabilities Act ("ADA"):

(1) discrimination on the basis of disability; (2) failure to accommodate a disability; and (3) retaliation for exercising rights protected by the ADA. As the Secretary correctly notes, however, the ADA does not apply to employees of the federal government, such as the plaintiff.[2] 42 U.S.C. § 12111(5)(B); see also Venter v. Potter, 435 F. App'x 92, 95 n.1 (3d Cir. 2011). Instead, Gazzerro-Langford's claims are more properly considered under the Rehabilitation Act, which prohibits discrimination by the federal government against its employees on account of their disability. 29 U.S.C. § 791; see also Wilson v. MVM, Inc., 475 F.3d 166, 172 (3d Cir. 2007).

As with Title VII, the Rehabilitation Act requires a plaintiff to exhaust administrative remedies before pursuing claims in federal court. Wilson, 475 F.3d at 173-74; see also Smith v. Pallman, 420 F. App'x 208, 212 (3d Cir. 2011). The complaint alleges that Gazzerro-Langford filed an administrative complaint with the Department's Equal Employment Opportunity Unit on November 22, 2010 and received a right-to-sue notification on January 25, 2012. Compl. ¶ 5. This notification was contained in the Department's January 25, 2012 final agency decision, a

---

[2] The Secretary has not moved for dismissal on this ground. Accordingly, the Court will not consider Gazzerro-Langford's failure to assert claims under the appropriate statutory vehicle as a basis for dismissing her complaint.

copy of which has been submitted by each party.  See DX A; PX A.[3]

The Secretary argues that the January 25 final agency decision does not, in fact, demonstrate Gazzerro-Langford's compliance with the Rehabilitation Act's exhaustion requirement. That final agency decision dismissed the claims therein addressed due to Gazzerro-Langford's failure to cooperate in the Department's administrative investigation.  According to the decision, Gazzerro-Langford and her attorney did not respond to a Department investigator's requests for an affidavit to supplement her administrative complaint.  Although the investigator suggested multiple dates for a telephone interview during which Gazzerro-Langford's statement could be taken, Gazzerro-Langford and her counsel were either unavailable or did not respond to the investigator's scheduling requests.  Ultimately, Gazzerro-Langford did not provide the Department with the solicited affidavit.  In its January 25 decision, the Department determined that, without Gazzerro-Langford's affidavit, her discrimination claims could not be sustained on the record before it.  The decision also noted that the Department had specifically informed Gazzerro-Langford that her failure to cooperate with the investigation may result in the dismissal of her claims.  PX A

---

[3] "DX" refers to exhibits submitted by the Secretary along with his motion to dismiss, and "PX" refers to exhibits submitted by Gazzerro-Langford in conjunction with her opposition to that motion.

(1/25/12 Final Agency Decision) at 1-2.

The Secretary contends that Gazzerro-Langford's non-cooperation is tantamount to failure to exhaust administrative relief and warrants dismissal of her complaint. Other courts have reasoned that a failure to cooperate in an equal employment investigation may constitute a failure to exhaust administrative remedies and preclude a complainant from filing suit in court. Wilson v. Peña, 79 F.3d 154, 164-65 (D.C. Cir. 1996) ("If a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim, he may not file a judicial suit . . . . for failure to exhaust administrative remedies."); Haydt v. Loikits, No. 99-4342, 2000 WL 1848598, at *2 (E.D. Pa. Dec. 19, 2000) (plaintiff's "failure to cooperate with the EEOC" constituted a failure to exhaust administrative remedies); Wood v. Cent. Parking Sys. of Pa., Inc., No. 99-3022, 2000 WL 873310, at *4 (E.D. Pa. June 23, 2000) (same).

The Court finds the reasoning of these cases persuasive. The Court of Appeals for the Third Circuit has counseled that administrative exhaustion under the Rehabilitation Act, as in other statutory contexts, serves valuable goals, such as administrative efficiency and judicial economy, by permitting full factual development of the record at the agency level. Wilson, 475 F.3d at 173 (citing Robinson v. Dalton, 107 F.3d

1018, 1020 (3d Cir. 1997)). Administrative exhaustion also creates early opportunities for conference and conciliation between the parties. Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974). As the court noted in Wood, a "[p]laintiff's failure to cooperate effectively bar[s] the EEOC from performing its investigation." 2000 WL 873310, at *4. Such a non-cooperating plaintiff has not, in any significant sense, exhausted her administrative remedies, thereby undermining the policies behind imposition of administrative procedural prerequisites.

Here, the Department stated in its January 25 final agency decision that it could not assess the full merits of Gazzerro-Langford's claims without her testimony. Her failure to provide an affidavit or participate in a telephone interview left the Department with a deficient record and prevented it from conducting a complete merits-based review. Moreover, Gazzerro-Langford apparently did not provide the Department, nor has she presented to this Court, a reason for her failure to respond to the Department's request for testimony. This non-cooperation constitutes a failure to exhaust administrative relief.

The Secretary also notes that the January 25, 2012 final agency decision pertained to claims that are "unrelated" to the claims in Gazzerro-Langford's present complaint. Indeed, the Secretary argues that, at the time Gazzerro-Langford filed her

federal action, she had yet to receive a final agency decision on the claims now alleged in her complaint. Def't's Br. at 1. Presumably, the Secretary means to say that, even if Gazzerro-Langford had fully complied with the administrative investigation discussed in the January 25 agency decision, that would not be sufficient to satisfy the exhaustion requirement with respect to her claims now before the Court.

The Court agrees that the claims contained in the November 22, 2010 administrative complaint are different from those presented in Gazzerro-Langford's federal action. The claims in the administrative complaint relate to the work-hour requirements of a position offered Gazzerro-Langford in July 2010 and a 14-day suspension imposed against her in October 2010. DX A (11/22/10 Admin. Compl.). The present complaint does not reference those issues.

Moreover, Gazzerro-Langford has provided the Court with multiple exhibits demonstrating that, at some point, she filed a separate administrative action with the EEOC. It is that EEOC proceeding, and not the administrative proceeding culminating in the Department's January 25, 2012 final agency decision, that appears to have addressed Gazzerro-Langford's presently pled claims. See PX J (Complainant's Resp. to 9/9/11 Order to Show Cause). In fact, in her opposition to the Secretary's motion to dismiss, Gazzerro-Langford only cites her participation in this

separate EEOC proceeding to show administrative exhaustion on her present claims. It is, therefore, clear that Gazzerro-Langford cannot rely on her participation in the Department proceeding to demonstrate compliance with the Rehabilitation Act's exhaustion requirement.[4]

Of course, the complaint's references to the November 22, 2010 administrative complaint and the January 25, 2012 final agency decision appear to be in error. For that reason, amendment of the complaint would not clearly be futile and the Court will dismiss the complaint without prejudice.

---

[4] The Court expresses no opinion as to whether Gazzerro-Langford's actions in the separate EEOC proceeding also demonstrate a failure to exhaust administrative remedies. That proceeding was dismissed after Gazzerro-Langford failed to comply with a deadline for submitting a pre-hearing statement. PX K (9/27/11 Order of Dismissal). Gazzerro-Langford has argued that she ultimately submitted the pre-hearing statement, demonstrating her active participation in the proceeding, and that any lack of cooperation is immaterial, as it occurred after the EEOC's period of exclusive jurisdiction had lapsed. The Secretary has not responded to these arguments and the Court sees no need to reach them on its own at this stage.